UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P583-R

**ROLAND EVANS GAZAWAY**                                                                  **PETITIONER**

v.

**BECKY PANCAKE, WARDEN**                                                                 **RESPONDENT**

**OPINION**

The petitioner, Roland Evans Gazaway, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. By prior order, this court directed him to show cause why his petition should not be denied and his action dismissed as untimely (DN 8). He timely complied and the matter is before the court for review. Because the petition is barred by the applicable statute of limitations, the court will dismiss this action.

**I. BACKGROUND**

On December 23, 1998, the Jefferson Circuit Court entered a judgment of conviction and sentence which sentenced the petitioner to 10 years for a burglary conviction, 15 years for an assault conviction to run concurrently with the burglary conviction, and 30 years for a murder conviction, to run consecutively to the other two convictions. He did not file an appeal.

On December 5, 2001, the petitioner filed a motion to vacate his sentence under Rule 11.42 of the Kentucky Rules of Criminal Procedure. The Jefferson Circuit Court denied the motion, and on February 28, 2003, the Court of Appeals for Kentucky affirmed that decision. On May 12, 2004, the Supreme Court of Kentucky denied discretionary review.[1]

---

[1] According to the habeas petition, the petitioner did not seek further review of the Court of Appeals' decision to deny Rule 11.42 relief. However, a review of the record before the Supreme Court of Kentucky indicates that the petitioner did, indeed, seek discretionary review from that court. *See Gazaway v. Commonwealth*, Case No. 2003-SC-258-DR. *See* http://www.kycourts.net/Supreme/SC_Dockets.shtm

On October 30, 2003, the petitioner sought relief from judgment pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure.  The Jefferson Circuit Court denied the request, and on December 4, 2004, the Court of Appeals for Kentucky affirmed the decision.  On June 22, 2005, the petitioner sought permission to file a belated motion for discretionary review.  The Supreme Court of Kentucky denied his motion on July 8, 2005.  And he filed the instant petition on October 3, 2005. [2]

## II. ANALYSIS

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

---

[2] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing.  *Miller v. Collins,* 305 F.3d 491, 497-498 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  The petitioner certified that he delivered his petition to the prisoner mail system for mailing on October 3, 2005 (DN 1, Pet., p. 9).

>         (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>         (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's conviction became final on January 8, 1999, 10 days after the trial court entered the judgment of conviction and the last day on which he could have filed an appeal under Rule 12.04 of the Kentucky Rules of Criminal Procedure (1981) (amended 1998); *compare Cannon v. Johnson*, No. 00-4284, 2001 WL 1299002, at *2 (6th Cir. Aug. 9, 2001) (holding that when a petitioner does not file a direct appeal with the state's highest court, then the statute of limitations begins to run on the day after which he could file such an appeal). Thus, he had until January 8, 2000, to file his petition for writ of habeas corpus in this court unless there was a time-tolling collateral attack pending in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (The one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").

A review of the action, however, reveals that the petitioner did not file any time-tolling collateral attacks of his state court conviction until December 5, 2001, well after the applicable limitations had expired. And, his filing of a Rule 11.42 post-conviction motion did not restart the one-year statute of limitations for filing his federal habeas petition. *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004) (holding that a state post-conviction petition asserting ineffective assistance of counsel on direct appeal tolls but does not restart the one-year limitations period); *Searcy v.*

3

*Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (" . . . although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion."); *see also Smith v. Stegall*, 141 F.Supp.2d 779, 782-83 (E.D. Mich. 2001) ("A state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.") (citing *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000)).[3] Accordingly, his petition is time-barred and he presented no basis for the court to toll the limitations period.

### III. CERTIFICATE OF APPEALABILITY

In the event that the petitioner appeals this court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to

---

[3]As the district court observed:

> The tolling provisions of 28 U.S.C. § 2244(d)(2) do not re-start or revive the one year limitations period anew after there is a final decision on a state post-conviction motion. Instead, this section merely excludes the time a collateral attack is under submission to the state courts from the calculation of the one year statute of limitations period. If the one year limitations period has already expired, filing another motion for state post-conviction relief will not add new time to the limitations period. A contrary interpretation of § 2244(d)(2) would allow a prisoner to avoid the effect of the AEDPA's one year statute of limitations through the device of bringing a belated state collateral attack. Once the limitations period has fully run, a new application for post-conviction review in the state courts of claims which could have been raised before the limitations period had run does not reset or restart the limitations period.

*Smith*, 141 F.Supp.2d at 783 (citations and footnote omitted).

4

comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* The court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The court will enter an order that is consistent with this opinion.

Date:

cc: Petitioner *pro se*
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.002

5