UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P583-R

ROLAND EVANS GAZAWAY                                              PETITIONER

v.

BECKY PANCAKE, WARDEN                                      RESPONDENT

**MEMORANDUM OPINION AND ORDER**

      The petitioner, Roland Evans Gazaway, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief.  By prior order, after providing the petitioner with an opportunity to be heard, this court dismissed his petition as barred by the applicable statute of limitations and denied a certificate of appealability (DN 11).  On appeal, the Sixth Circuit likewise denied the petitioner a certificate of appealability.  He has now filed a "petition for reconsideration" of this Court's dismissal order, which is before the Court for decision (DN 17).

      The Federal Rules of Civil Procedure do not provide for motions for reconsideration. However, the Court will construe the petitioner's motion as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b).[1]  *See Hood v. Hood*, 59 F.3d 40, 43 n. 1 (6th Cir.1995).   Rule 60(b) provides, in part:

> [T]he court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

---

[1] Because the petitioner's Rule 60(b) motion challenges only this Court's previous ruling on the statute of limitations, it is not the equivalent of a successive habeas petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 535-36 (2005).

prospective application; or (6) any other reason justifying relief from the operation of the judgment.

A Rule 60(b) motion "is intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000). The petitioner has not established that either instance is applicable in this case. He simply advances various reasons why the Court should have equitably tolled the statute of limitations. These are arguments that the petitioner could have advanced in response to this Court's initial show cause order and he has not presented this Court with any reasons that would excuse his failure to do so at that time. Moreover, the Court does not find that it made any mistake of law or facts as related to its prior dismissal order. As such, the petitioner's Fed. R. Civ. P. 60(b) motion (DN 11) has no merit, and is, therefore, **DENIED**.

Before a petitioner may appeal the denial of a motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b), a certificate of appealability (COA) must issue. 28 U.S.C. § 2253(c)(1)(A); *Jackson v. Crosby,* 437 F.3d 1290, 1294 (11th Cir. 2006) ("A certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a § 2254 or § 2255 proceeding."); *Kellogg v. Strack*, 269 F.3d 100, 103 (2nd Cir. 2001) ("The COA requirement provided in 28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition.").

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of

a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, **a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED.**

There being no just reason for delay in its entry, this is a final order.

Date:

cc:     Petitioner, *pro se*

4413.008